IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARGARET PRESTON KULKARNI,
JOSEPH RAINE PRESTON, AND
SILAS MASON PRESTON, JR.,**
**Respondents Below, Petitioners**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-90**   (Cir. Ct. Greenbrier Cnty. No. CC-13-2021-C-102)

**THE COUNTY COMMISSION
OF GREENBRIER COUNTY,
WEST VIRGINIA,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioners Margaret Preston Kulkarni, Joseph Raine Preston, and Silas Mason Preston, Jr., ("Prestons"), appeal the Circuit Court of Greenbrier County's February 8, 2023, order that concluded that the Prestons held no right, title, or interest in the subject property that Respondent the County Commission of Greenbrier County ("Commission") was seeking to acquire via eminent domain. The Commission filed a response in support of the circuit court's order.[1] The Prestons filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns an approximately ten-foot-wide strip of land (the "subject property") that is located in Lewisburg, West Virginia, that the Commission is seeking to obtain via eminent domain. The Prestons are the successors in title to Joseph R. Preston, who owned land adjacent to the subject property.

The Commission asserts that in preparing to file the underlying eminent domain petition, it was unable to ascertain who owned the subject property. The only reference the Commission could find was by a deed dated December 23, 1982, wherein Joseph R.

---

[1] The Prestons are self-represented. The Commission is represented by Britt B. Ludwig, Esq.

Preston conveyed to the Commission certain real estate and reserved to himself a right of access to the subject property from his adjacent real estate. In that conveyance, the Commission agreed "to erect and maintain an eight (8) foot chain link fence along the northern and western boundaries of the property herein conveyed and along the boundary of the remaining real estate of the party of the first part that borders the 10-foot-wide alley." Joseph R. Preston further reserved unto himself "the right and option to install a gate in the fence as aforesaid along the said 10-foot-wide alleyway."

As a result of this conveyance, the Prestons were named as defendants in the underlying action. The Prestons allege that they own the subject property as well as other land to the south of the subject property. The Prestons base their allegation on the origin of their chain of title: an 1804 deed describing the conveyed real estate as being ten feet from the original Lots 5 and 6 laid out for the town of Lewisburg. The Prestons theorize that because the 1804 description describes their southerly property line as beginning 10 feet from the original Lots 5 and 6, that the courses and bounds description of the original Lots 5 and 6 remain determinant of their property line today.

However, since the 1804 deed, each of the Prestons has executed as a grantor at least one deed that references the subject property as an alley and as a boundary to the real estate conveyed. Likewise, each of the Prestons has accepted as a grantee at least one deed conveying to him or her land immediately adjacent to the subject property, and in each of those deeds the subject property is mentioned as an alley and a boundary. Further, in deeds partitioning land amongst the Prestons as well as a conveyance from Joseph Raine Preston to the Commission, the Prestons executed deeds incorporating descriptions of their property as surveyed in 1982 by Harvey Neel. The survey by Harvey Neel excludes the subject property from Prestons' land and references the subject property as an alleyway and a boundary.

An evidentiary hearing was held by the circuit court on November 30, 2022, to determine whether the Prestons owned any interest in the subject property. At the hearing, the Prestons were represented by counsel. The Prestons called Margaret Preston Kulkarni, who attempted to testify about a 2005 survey of the area performed by Charles Smith. The Commission objected on the basis that Ms. Kulkarni could not lay a proper foundation for the survey since she did not prepare it. Ms. Kulkarni was excused, and the Prestons then called David Brown, the surveyor hired by the Commission to survey the subject property. Mr. Brown testified that the 2005 survey was not sealed, signed, or of record and he had no knowledge of how the location of certain lots were determined. Mr. Brown further testified he conducted a field survey of the entire block and all documentation that he located agreed with the 1982 and 2005 surveys of the area, as well as a 1937 Department of Highways road improvement plan for the area, in regard to the existence and location of the subject property.

The Prestons then attempted to move for the admission of the 2005 survey. The circuit court held that since Mr. Brown relied on some parts of the survey to form his expert opinion but did not testify as to the accuracy of any of the lines identifying the lots of the plat, the court would accept the 2005 survey to the extent that it was referenced by Mr. Brown but not as to the accuracy of any of the lines to which there was not competent testimony. The Prestons then recalled Ms. Kulkarni who testified that the subject property was used as a driveway by the Prestons to reach their garden in the area that is now the Greenbrier County Courthouse parking lot. She further testified that the subject property was never conveyed to a public entity though the Prestons did give people permission to use it.

On February 8, 2023, the circuit court entered the order now on appeal. In that order, relevant to the issues on appeal, the circuit court noted that the Harvey Neel survey identifies the subject property as an "alley." The circuit court reasoned that use of the term "alley" supported the inference that the subject property was not owned by the Prestons but rather was the same ten-foot strip of land separating Lots 5 and 6 of the original plat of the Town of Lewisburg. The circuit court concluded that the Prestons presented no evidence that the property they inherited was at any time defined by a direct reference to its distance from any ascertainable monument at or near Randolph Street and there was likewise no evidence presented by the Prestons of any other reference to a fixed monument that supported their claim of ownership of the subject property. The circuit court further concluded that there was no evidence presented as to any distances called for as to the boundaries of the lots of the original plat of the Town of Lewisburg or the 2005 Charles Smith survey. The circuit court evaluated the Prestons' chain of title as well as the various subsequent transactions between them and the circumstantial evidence before concluding that, based on a preponderance of the evidence, the Prestons did not own the subject property, but the Commission failed to prove that the subject property was privately owned land subject to eminent domain. The circuit court noted that while there may be ongoing issues between the Prestons and the Commission, the Prestons had not asserted any formal counterclaim against the Commission and therefore the Prestons were dismissed from the case.

On appeal, we apply the following standard of review: "The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). The Supreme Court of Appeals of West Virginia has also made clear that,

> [t]he deference accorded to a circuit court sitting as factfinder may evaporate if upon review of its findings the appellate court determines that: (1) a relevant factor that should have been given significant weight is not considered; (2) all proper factors, and no improper factors, are considered,

3

but the circuit court in weighing those factors commits an error of judgment; or (3) the circuit court failed to exercise any discretion at all in issuing its decision.

Syl. Pt. 1, *Brown v. Gobble*, 196 W. Va. 559, 474 S.E.2d 489 (1996).

On appeal, the Prestons first assert that the circuit court erred by assuming the role of factfinder when neither party waived their right to a jury trial. Pursuant to West Virginia Code § 54-2-10 (1967), in eminent domain proceedings, a jury trial is only afforded on the issues of compensation and damages for a taking. Further, West Virginia Code § 54-2-18 (1981) specifies that it is for the court to determine controversies over ownership of the property. Accordingly, the circuit court did not err by assuming the role of factfinder to determine whether the Prestons owned an interest in the subject property.

Next, the Prestons assert that the circuit court erred by interpreting the use of the word "alley" to mean the subject property was not the private property of the Prestons. Essentially, the Prestons take issue with the circuit court's reliance on the Webster's Dictionary definition of the word "alley" to conclude that use of the term in the context of the documents in question indicated that the subject property was not privately owned by the Prestons. However, the Prestons cite no authority to support their proposition that it is reversible error for the circuit court to consider the dictionary definition of a term when evaluating the evidence before it. Accordingly, under the facts of this case, we cannot say that the circuit court abused its discretion in considering the dictionary definition of the term "alley."

The Prestons further assert that the circuit court erred by elevating recent monuments over the use of historical courses and distances that existed at the time of the 1804 Deed. "'It is a general rule that, in locating boundaries of land, resort is to be had first to natural landmarks, next to artificial monuments, then to adjacent boundaries, and last to courses and distances.' Syl. Pt. 1, *Matheny v. Allen,* 63 W. Va. 443, [60 S.E. 407] (1908)." Syl. Pt. 7, *Blain v. Woods,* 145 W. Va. 297, 115 S.E.2d 88 (1960). The Prestons cite no case law to support their proposition that historical courses and distances should trump the use of monuments to ascertain the boundaries of land. Accordingly, there is no merit to this assignment of error.

Next, the Prestons assert that the circuit court erred by limiting the extent it considered the 2005 survey by Charles Smith because various exceptions to the rule against hearsay apply to the document. However, the Prestons never argued to the circuit court that any such exceptions apply. "Generally, the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W. Va. 87, 91, 415 S.E.2d 891, 895 (1992). Indeed, a review of the transcript of the evidentiary hearing reveals that the Prestons' counsel did not object to the circuit court's ruling that it would only accept the

4

2005 survey by Charles Smith for a limited purpose. Accordingly, since the Prestons failed to raise this issue before the circuit court, we deem it to be waived.

The Prestons further assert that the circuit court erred by holding that no evidence was presented relating the subject property to Randolph Street. However, the Prestons misstate the circuit court's holding. Rather, the circuit court held that the Prestons "produced no evidence by which the real property they inherited from their father was at any time defined by any direct reference to its distance from any *ascertainable monument* at or near Randolph Street." (emphasis added). The Prestons do not identify any such monument. Accordingly, the circuit court did not err in this regard.

Next, the Prestons assert that the circuit court erred by dismissing them from the case when their claim for interference with their access to the subject property was unresolved. However, as noted by the circuit court, the Prestons never asserted a formal cause of action against the Commission and therefore, there was no claim remaining for or against them, and the circuit court did not err in dismissing the Prestons from the matter.

Finally, the Prestons assert that the circuit court erred by taking property claimed by them when no one else demonstrated a superior claim. However, as mentioned previously, no taking occurred here as the circuit court specifically held that the Commission failed to prove that the subject property was private land suitable for taking by eminent domain. Further, even though the Prestons are the only ones who have asserted a claim to the subject property, West Virginia Code § 54-2-18 still requires the circuit court to be "satisfied that the persons entitled" to be compensated are before the court in order for the court to distribute the compensation for the taking. Therefore, simply making a claim to the subject property is not enough to entitle the Prestons to any proceeds that stem from its taking, should that occur. Accordingly, there is no merit to this assignment of error.

Therefore, we affirm the circuit court's February 8, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear